No. 23-2774

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

ENERGY TRANSFER LP,

*Petitioner*,

*v.*

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency,

*Respondents*.

**PETITIONER'S UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Aaron M. Streett
Matthew L. Kuryla
Beau Carter
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
(713) 229-1855 (phone)
(713) 229-7855 (fax)
aaron.streett@bakerbotts.com

*Counsel for Energy Transfer LP*

Pending before this Court are challenges to EPA's disapproval of Missouri's state implementation plan ("SIP") (Nos. 23-1719, 23-1751) and EPA's implementation of a federal implementation plan ("FIP") for Missouri (Nos. 23-2771, 23-2774, 23-2786). On May 25, 2023, this Court granted a stay of EPA's disapproval of Missouri's SIP in Nos. 23-1719 and 23-1751. In light of that stay, Petitioner Energy Transfer LP now requests that this Court hold this case in abeyance while it reviews EPA's disapproval of Missouri's SIP in Nos. 23-1719 and 23-1751. Respondents consent to this request.

EPA's disapproval of Missouri's SIP is the antecedent action and legal predicate to EPA's authority to impose a FIP for Missouri. EPA's authority under Section 110(c)(1) of the Clean Air Act to establish a FIP for the sources in a given state is triggered by either its disapproval of the state's SIP or the state's failure to submit such a plan. With the stay of Missouri's SIP disapproval in effect, EPA no longer has the authority to implement a FIP for Missouri. EPA has also confirmed that FIPs cannot go into effect in states where a judicial stay has been granted. *See* Interim Final Rule, *Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards; Response to Judicial Stays of SIP Disapproval Action for Certain States*, at 8 (Jun. 29, 2023), bit.ly/44dGjJY.

Accordingly, no purpose would be served by requiring the parties to expend resources litigating over a FIP that lacks the legal prerequisite of a valid SIP

1

disapproval. Moreover, if the challenge to EPA's disapproval of Missouri's SIP is resolved in Missouri Petitioners' favor, then this Court need not address the challenges to the Missouri FIP. Judicial economy would therefore be served by holding this proceeding in abeyance pending this Court's review of EPA's disapproval of Missouri's SIP.* In the event EPA's disapproval of Missouri's SIP is upheld, then Energy Transfer can proceed with its challenge to Missouri's FIP at that time.

For the foregoing reasons, Energy Transfer respectfully moves this Court to hold this proceeding in abeyance pending resolution of the challenges to EPA's disapproval of Missouri's SIP in Nos. 23-1719 and 23-1751.

---

* The Fifth Circuit recently granted Texas, Mississippi, and Louisiana Petitioners' abeyance requests for their respective FIP challenges after granting stays of the Texas, Mississippi, and Louisiana SIP disapprovals. *See Texas v. EPA*, No. 23-60300 (5th Cir. Jul. 20, 2023). The Ninth and Tenth Circuits have done the same for Nevada, Oklahoma, and Utah Petitioners' respective FIP challenges. *See Nevada Cement Co. v. EPA*, No. 23-1098 (9th Cir. July 31, 2023); *Tulsa Cement LLC v. EPA*, No. 23-9551 (10th Cir. Aug. 2, 2023). The State of Missouri in a related challenge has also petitioned this Court for review of Missouri's FIP and has likewise requested its challenge be held in abeyance. *See* Unopposed Motion for the Court to Hold This Case in Abeyance, *Missouri v. EPA*, No. 23-2771 (8th Cir. Aug. 3, 2023); *see also* Unopposed Motion to Hold Case in Abeyance, *Arkansas v. EPA*, No. 23-2769 (8th Cir. Aug. 4, 2023).

August 16, 2023

Respectfully submitted,

*/s/ Aaron M. Streett*
Aaron M. Streett
Matthew L. Kuryla
Beau Carter
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
(713) 229-1855 (phone)
(713) 229-7855 (fax)
aaron.streett@bakerbotts.com

*Counsel for Energy Transfer LP*

3

# **CERTIFICATE OF COMPLIANCE**

The undersigned counsel states that this motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 509 words, excluding the items allowed to be excluded pursuant to Fed. R. App. P. 32(f), as counted by a word processing system and, therefore, is within the word limit. This motion also complies with typeface requirements of Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman font.

Dated: August 16, 2023

*/s/ Aaron M. Streett*
*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2023, I filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

*/s/ Aaron M. Streett*
*Counsel for Petitioner*

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 16, 2023, I conferred with counsel for Respondents regarding this motion and was informed that Respondents consent to this motion.

*/s/ Aaron M. Streett*
*Counsel for Petitioner*